IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Arthur Hardy, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 16-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) *(jury demand)* ) ) ) |
| *Defendants.* | ) |

# COMPLAINT

Plaintiff Arthur Hardy, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Arthur Hardy has been an inmate at the Cook County Jail since approximately July 7, 2015.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of

Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. Plaintiff Hardy suffers a debilitating spinal cord condition which requires him to use a wheelchair to move from place to place.

7. During the intake process into the Jail, medical personnel recognized that plaintiff required a wheelchair to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities.

8. Defendants provided plaintiff with a wheelchair but failed to assign plaintiff to a housing unit capable of accommodating his disabilities. Presently, plaintiff is assigned to the RTU, Tier 4A, Cell 9, a location at the Jail that is not able to accommodate his disabilities because the cell does not have grab bars near the toilet to assist with transferring.

9. At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual with a disability who enters the Jail.

10. Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

Case: 1:16-cv-05561 Document #: 1 Filed: 05/24/16 Page 3 of 4 PageID #:3

11. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to various inaccessible housing units primarily in the Jail's Residential Treatment Unit.

12. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

13. As a result of foregoing, plaintiff was unable to use the jail's toilets, showers, beds, or common area facilities on the same basis as other detainees and suffered physical injuries, including falls.

14. In addition to being confined to inaccessible housing units, plaintiff was discriminated against because of his disability each time he attended court at the Leighton Courthouse and received medical attention at the Cermak Infirmary by being required to roll up and down a steep ramp, often without assistance.

15. At all relevant times, defendants were aware that the ramps were too steep and long and that to overcome the obvious physical barriers, a wheelchair user, like plaintiff, would need a reasonable assistance of being assisted up and down the ramp.

16. In addition, plaintiff was denied access to toilet and sink facilities accessible for a wheelchair user each time he attended court.

17. At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

18. Despite numerous grievances submitted to defendants concerning the above described wronging, defendants have failed to remedy the widespread and ongoing ADA violations at the Jail.

19. At all times relevant, defendants have turned a blind eye to the above described discrimination.

20. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court fashion appropriate prospective relief, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*